```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| ROSALYN SMALL, | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) No. 2:13-cv-02437-JPM-dkv |
| MEMPHIS-SHELBY COUNTY AIRPORT AUTHORITY and M. CHAD BEASLEY, in his individual capacity, | ) |
|     Defendants. | ) |

**ORDER DENYING IN PART SMALL'S MOTION TO EXCLUDE EXPERT TESTIMONY**

Before the Court is Plaintiff Rosalyn Small's Motion to Exclude Expert Testimony of Ray Turner, filed April 10, 2015. (ECF No. 77.) For the following reasons, the Motion is DENIED IN PART.

**I.   BACKGROUND**

    **A.   Factual Background**

This case concerns allegations of violations of Small's constitutional rights, Title VII of the Civil Rights Act of 1964, and of the Americans with Disabilities Act ("ADA"). (See 2d Am. Compl., ECF No. 59.)

Small was employed as a sergeant in the Memphis International Airport Police Department -- a department of the Memphis-Shelby County Airport Authority ("MSCAA") -- from 1999 until she was terminated on July 3, 2012. (2d Am. Compl. ¶¶ 3, 6; Def. M. Chad Beasley's Am. Answer to Pl.'s 2d Am. Compl.

("Beasley's Am. Answer") ¶ 3, ECF No. 84; Memphis-Shelby Cnty. Airport Auth.'s 1st Am. Answer to Pl.'s 2d Am. Compl ("MSCAA's Am. Answer") ¶¶ 3, 6, ECF No. 113.)

Small alleges that she was referred for a fitness for duty exam ("FFDE") by Defendant M. Chad Beasley on May 18, 2012. (2d Am. Compl. ¶¶ 27, 30.) According to Small, the referral to complete the FFDE "violated 42 U.S.C. § 12112(4)(A) because its requirement that Plaintiff complete a FFDE was neither job-related nor consistent with business necessity." (Id. ¶ 120.)

On April 10, 2015, Small filed a Motion to Exclude Expert Testimony of Ray Turner. (ECF No. 77.) MSCAA filed its response in opposition on April 24, 2015. (ECF No. 82.) The Court held a hearing on the Motion on June 24, 2015. (Minute Entry, ECF No. 116.)

**B.  Testimony at the Hearing**

Dr. Ray Turner was the only witness at the June 24, 2015, hearing. (See id.) Dr. Turner received a bachelor's degree in psychology from Texas Christian University, a master's degree in behavioral science from The Catholic University of America, and a Psy.D. in Clinical Psychology from the Forest Institute of Professional Psychology.

Dr. Turner has had a private practice in Memphis, TN, since 1994, and has worked with the Memphis Police Department since 2001. At the Memphis Police Department, Dr. Turner serves as

Coordinator of Psychological Services. In that role, his activities have largely focused on pre-employment screening of applicants. He has also provided counseling and intervention services to police officers and their families. Additionally, he has advised Memphis Police Department management in areas of psychological concern, including recommendations as to whether to refer a particular officer for a FFDE.

Outside his role with the Memphis Police Department, Dr. Turner has performed FFDEs as an independent contractor. He estimated that he has performed approximately fifty such examinations over the last twenty years.

Dr. Turner has several board certifications, including one in Police and Public Safety Psychology by the American Board of Professional Psychology. The process to obtain this certification is extensive -- with an application process that can take as long as a year -- and requires a demonstration to the American Board of Professional Psychology of a strong background in the subspecialty.

## II. **LEGAL STANDARD**

According to the Sixth Circuit, under Rule 702, "a proposed expert's opinion is admissible, at the discretion of the trial court, if the opinion satisfies three requirements," In re Scrap Metal Antitrust Litig., 527 F.3d 517, 528–29 (6th Cir. 2008):

3

> First, the witness must be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Second, the testimony must be relevant, meaning that it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Id. Third, the testimony must be reliable.

Id. at 529.

> Rule 702 guides the trial court by providing general standards to assess reliability: whether the testimony is based upon "sufficient facts or data," whether the testimony is the "product of reliable principles and methods," and whether the expert "has applied the principles and methods reliably to the facts of the case." [Fed R. Evid. 702.]

Id.

> In addition, Daubert provided a non-exclusive checklist for trial courts to consult in evaluating the reliability of expert testimony. These factors include: "testing, peer review, publication, error rates, the existence and maintenance of standards controlling the technique's operation, and general acceptance in the relevant scientific community." United States v. Langan, 263 F.3d 613, 621 (6th Cir. 2001) (citing Daubert, 509 U.S. at 593–94).

Id.

Although "[t]he party offering the expert's testimony has the obligation to prove the expert's qualifications by a preponderance of the evidence," Burgett v. Troy-Bilt LLC, 579 F. App'x 372, 376 (6th Cir. 2014), "rejection of expert testimony is the exception, rather than the rule." In re Scrap Metal, 527 F.3d at 530 (internal quotation marks omitted).

4

**III. ANALYSIS**

Plaintiff moves to exclude Turner from testifying as to two topics: (1) whether the FFDE was job-related and consistent with business necessity; and (2) that Beasley acted in a reasonable and prudent manner by relieving Small of duty and referring her for a FFDE. (ECF No. 77 at 1-2.) According to Small, exclusion is necessary for five reasons: (A) Defendants' expert disclosures were untimely; (B) Turner's opinion is an impermissible legal conclusion; (C) his opinion includes descriptions of state of mind, motive, and credibility; (D) Turner's qualifications do not provide a foundation for his opinions; and (E) Turner's opinion will not assist the trier of fact. (ECF No. 77 at 1.) The Court addresses each in turn.

    **A.   Timeliness of MSCAA's Disclosures**

The Scheduling Order set a deadline of January 26, 2015, for disclosure of expert information for Plaintiff "or party with burden of proof." (ECF No. 46 at 2.) The deadline for Defendants "or opposing party" was set for February 25, 2015. (Id.) It is uncontested that MSCAA disclosed its expert information on February 25, 2015. MSCAA argues that because "Plaintiff must initially show that the referral to the FFDE amounted to a prohibited medical examination under" the ADA, Plaintiff has the burden of proof. (ECF No. 82 at 8.) MSCAA is correct. Plaintiff has the burden of proof on her ADA claim --

5

not MSCAA. Accordingly, the Court finds that MSCAA's disclosures as to Dr. Turner were timely.

   B.   **Legal Conclusions**

Small moves to exclude Turner's testimony as to whether Beasley was "acting in a reasonable and prudent manner" when he referred Small for an FFDE, on the basis that it is a legal conclusion. (ECF No. 77-1 (quoting ECF No. 77-3 at 3).) According to Small, opinion testimony as to the reasonableness of the referral of Small for an FFDE would "'embrace the actual legal conclusion the [fact-finder] is asked to decide in the case.'" (Id. at 4 (quoting Alvarado v. Oakland Cnty., 809 F. Supp. 2d 680, 691 (E.D. Mich. 2011).) At the hearing, Dr. Turner clearly stated that he was not opining on the actual motive for Small's referral -- just that the evidence before Beasley would support the reasonableness of a referral for a FFDE. None of Small's claims require the fact-finder in this case to make such a determination. The opinion is thus not a legal conclusion, and therefore is not inadmissible on that basis.

   C.   **Descriptions of State of Mind, Motive, and Credibility**

In his report, Turner writes the following: "Based on the information that he had at the time, Chief Beasley was acting in a reasonable and prudent manner when he referred Sgt. Small to an FFDE following the events of May 3, 2012." (ECF No. 77-3 at

3.)  Small argues that "[w]here a party acted in a reasonable and prudent manner are legal constructs inexorably intertwined with a party's state of mind and motive at the time of the action."  (ECF No. 77-1.)

Small is mistaken.  As noted above, Dr. Turner's opinion does not purport to assess Beasley's state of mind, motive, or credibility.  Instead, the opinion solely relates to whether, in Dr. Turner's opinion, the referral was reasonable and prudent based on the information that Beasley had available.  The opinion is therefore not about Beasley's state of mind.  Consequently, Dr. Turner's opinion is not inadmissible on this ground.

**D.   Qualifications and Foundation**

"The issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question."  Berry v. City of Detroit, 25 F.3d 1342, 1351 (6th Cir. 1994).  The Court finds that Dr. Turner's background provides sufficient foundation for his opinions.  Dr. Turner has been a practicing clinical psychologist for more than twenty years.  More importantly, Dr. Turner has worked with a major metropolitan police department for fourteen years in a capacity in which he has had to determine whether to send individual officers for FFDEs.

Small argues that "[t]he reasonableness opinion is based solely on his summary of some memos from Sgt. Small's colleagues purporting to assess her state of mind without any context or analysis provided by Dr. Turner." (ECF No. 77-1 at 6.) Again, Small is mistaken. Dr. Turner testified that he considered the guidelines of the International Association of Chiefs of Police ("IACP") in considering whether the evidence before Beasley rendered a decision to refer Small for a FFDE reasonable. The IACP guidelines refer to certain "red flags" that render a referral of a police officer for a FFDE reasonable, including excessive suspiciousness, uncharacteristic irritability, and difficulty controlling emotions. In determining whether a referral for a FFDE is appropriate for a particular officer, Dr. Turner testified that it is common for practitioners in his field to rely on the written reports by other officers of observed behaviors. Dr. Turner stated that his opinion that the evidence before Beasley rendered a referral for Small reasonable was based on a review of the reports of several other officers regarding observed behavior of Small, indicating what he determined to be excessive suspiciousness, uncharacteristic irritability, and difficulty controlling emotions.

The Court finds that Dr. Turner's opinion is based on substantial qualifications and has been made on reliable

methods. Accordingly, his testimony is also not inadmissible on this ground.

**E.  Assisting the Trier of Fact**

Small argues that Dr. Turner's opinion "constitutes his mere personal belief as to credibility and the weight of that evidence and as such invades the province of the fact-finder." (ECF No. 77-1 at 9.) Consequently, Small argues that it is not helpful to the fact-finder. The Court disagrees.

The Sixth Circuit has articulated four factors a court should look to when considering whether an employee posed a sufficient direct threat to warrant an examination consistent with the ADA: "(1) the duration of the risk; (2) the nature and severity of the potential harm; (3) the likelihood that the potential harm will occur; and (4) the imminence of the potential harm." Kroll v. White Lake Ambulance Auth., 763 F.3d 619, 626 (6th Cir. 2014) (internal alternations and quotation marks omitted). Turner's testimony as to these factors would assist the trier of fact. Turner states in his report that "[a] police officer displaying th[e] range of emotions [that Small exhibited on May 3, 2012,] would call into question her ability to perform her job, including the decisions to arrest or use her firearm." (ECF No. 77-3 at 3.) This is relevant to "the nature and severity of the potential harm." See Kroll, 763 F.3d at 626. Turner's testimony regarding whether Beasley's referral

was "reasonable and prudent," however, is not relevant to any of the factors. It also does not appear to have relevance to any other legal issue in the case. Because the facts at trial could possibly render the opinion relevant, the Court reserves ruling as to whether to exclude Dr. Turner's opinion regarding whether Beasley's referral was "reasonable and prudent."

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is DENIED IN PART. The Court RESERVES RULING as to whether to exclude Dr. Turner's opinion regarding whether Beasley's referral was "reasonable and prudent."

**IT IS SO ORDERED,** this 25th day of June, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE